**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LYNNE THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-998 |
| | ) | Judge Arthur J. Schwab/ |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| PENNSYLVANIA BOARD OF | ) | |
| PROBATION AND PAROLE, PATRICIA | ) | |
| VALAURI, PAROLE AGENT TAWNYA | ) | |
| PEEK, NATE SIMON, LAURA STEDILA, | ) | |
| and CHUCK ACKERMAN, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that the pro se civil rights Complaint be dismissed before service pursuant to the screening provisions of the Prison Litigation Reform Act ("PLRA").

### II.  REPORT

#### A.  Factual and Procedural History

Lynne Thompson, ("Plaintiff") was, at the time of the initiation of this lawsuit, a prisoner incarcerated at the State Correctional Institution at Cambridge Springs.  Plaintiff had previously filed several lawsuits, which were dismissed as frivolous or for failure to state a claim upon which relief can be granted.  As a consequence, she has acquired "three strikes," in contravention of 28 U.S.C. § 1915(g), and cannot proceed *in forma pauperis* ("IFP") in the present case. Given that she had three strikes, Plaintiff's IFP Motion was denied.  ECF Nos. 3 and 6.

Subsequently, Plaintiff was apparently released from prison and paid the filing fee.  ECF Nos. 11 and 14.

In the instant Complaint, Plaintiff repeatedly attacks the validity of her incarceration either pursuant to her convictions,[1] or the calculations of sentences,[2] or her probation[3] or her parole[4] or detainers lodged by the Pennsylvania Board of Probation and Parole (the "Board").  In contrast to other cases that Plaintiff has previously filed, she now alleges that Defendants falsely lodged detainers against her, based on criminal cases which were no longer active, (i.e., on cases in which she had already allegedly reached her maximum sentence date), which had the effect of keeping her in the Allegheny County Jail illegally.  ECF No. 17 at 5 ("This Detainer for Probation is absolutely wrongfully placed upon Lynne Thompson.… Also Parole has a Detainer on Lynne Thompson on Lynne(s) [sic] parole number 68450 where this was re-issued on 5-17-2018…"); id. at 6 ("For the cases with the state have maxed out on August 25, 2017, and they still remained to detain Lynne with their illegal detainers(s).  It has also been discovered that all

---

[1]  ECF No. 17 at 5 ("But fact remains that this [criminal] case along with the other(s) are still up in the Third Circuit, due to violation(s) of civil, constitutional rights(s).").

[2]  ECF No. 17 at 7 ("Cases from Judge Randall B. Todd on case number 2010-00015416; where this case is in the Third Circuit Court(s) due to the fact that there is a problem from where the sentencing transcripts along with the sentencing orders the time does not absolutely match and there are double jeopardy issue(s) with them showing that this case effective date for five years(s) special probation on 08-25-2017 and maximum date(s) of 08-25-2022.  How is this even possible when this case is being fought with the fact of sentencing problem(s) and owed credit of time."); id. at 12 ("The Defendants did all they could to try to have Lynne doing time on cases that were already closed and maxed out, this has now become triple jeopardy.).

[3]  ECF No. 17 at 8 ("fraud has been committed by the probation office Laura Stedila, whom where this probation with Judge Mariani was over in the year of 2015.  The only remaining time that is owed is nothing and in fact Judge Mariani owe(s) [sic] Lynne thirty days of credit of time…").

[4]  ECF No. 17 at 6 ("Parole still has Lynne Detained on cases that have been maxed out along with the fact that the state has no control over County Probation.").

this time that Lynne has been in the Allegheny County Jail, ... due to the actions(s) of the Defendant(s) illegally restraining and holding Lynne in custody."); id. at 9 ("then for Parole to put a detainer on Lynne Thompson to keep her detained on a parole detainer where they have no jurisdiction is an unlawful detainer."); id. at 11 ("Also, the Pennsylvania Board of Probation and Parole always detained Lynne without any paperwork so no one knows who is detaining and for what reason.  This is also illegal detention…. And Parole still kept Lynne detained on case(s) that are closed maxed out and state has no jurisdiction."); id. at 13 ("Parole in fact has not lifted their detainer in which was placed detaining Lynne in Allegheny County Jail.").

Plaintiff further alleges that she is wrongfully being detained by means of a grand conspiracy against her.  ECF No. 17 at 6 ("So this whole Dention [sic] has been illegally done for this is nothing but sheer acts of retaliation; conspiracy; coercion; illegal restraint; wrongful incarceration, where the named Defendant(s) have and still are breaking and violated rights").  We note that she made similar conclusory accusations in Thompson v. Bd. Of Probation and Parole, No. 16-cv-1161 (W.D. Pa. Oct. 16, 2017), ECF No. 70 (Order denying Motion for Release).  By way of relief, Plaintiff seeks, *inter alia*, monetary "damages for wrongful incarceration…"  ECF No. 17 at 16.  Plaintiff specifically notes that she seeks "[d]amages for wrongful detaining and reissuing a wrongful detainer…."  Id. at 17.  See also id. at 18 ("Damages for placing another detainer on the date of 5-17-2018, holding Lynne in the Allegheny County Jail … when there is absolutely no reason for detention from parole on maxed out cases").

### B. Applicable Legal Principles

#### 1. The screening provisions of the PLRA apply.

Because, at the time of initiating this civil action, Plaintiff was a prisoner who sued governmental entities or employees, the screening provisions of the PLRA apply. 28 U.S.C. § 1915A ("[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.... On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted").

Moreover, the fact that Plaintiff was released after she initiated this case does not render the screening provisions of the PLRA inapplicable. If the plaintiff is a prisoner at the time of the initiation of the civil action, then the screening provisions of the PLRA apply even though the prisoner-plaintiff is subsequently released from prison during the pendency of the civil action. Burkes v. Tranquilli, CIV.A. 08-474, 2008 WL 2682606, at *2 (W.D. Pa. July 2, 2008) ("The rule is that if at the time of the initiation of the civil action, the plaintiff is a prisoner, then the screening provisions of the PLRA apply even if subsequently, the prisoner is released.") (citing Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001) ("the need for the district court to screen a complaint in a civil action filed by a prisoner, as required by 28 U.S.C. § 1915A, looks to the plaintiff's status when the case is filed.")); In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997) ("If a litigant is a prisoner on the day he files a civil action, the PLRA applies.")).

### 2.  Standard of review under the PLRA screening provision.

In performing the Court's mandated function of *sua sponte* review of complaints under 28 U.S.C. § 1915A to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) ("Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).").

In reviewing complaints as mandated by 28 U.S.C. § 1915A and in applying the standards applicable to a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See Estelle v. Gamble, 429 U.S. 97 (1976).  Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

### C.  Discussion – The case is barred by Heck v. Humphrey.

It is clear from Plaintiff's Complaint that she is attacking the validity of her sentences, including her probation sentences and revocations of her probation as well as revocations of her parole and her detention pursuant to the detainers which the Board lodged against Plaintiff for her multiple violations of her probation and parole.  As has been recently explained to Plaintiff by this Court, her claims are necessarily barred by the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994).

Roughly one year ago, this Court explained to Plaintiff that:

The United States Supreme Court has held that claims which indirectly attack the validity of a conviction via a civil rights suit are barred unless the conviction has, in effect, been overturned. Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, a state prisoner convicted of voluntary manslaughter brought a civil rights action against prosecutors and a police investigator, asserting that the defendants, acting under color of state law had engaged in an unlawful, unreasonable and arbitrary investigation, leading to Heck's arrest. Heck alleged that the defendants had knowingly destroyed evidence that could have proven his innocence and caused an illegal voice identification procedure to be used at his state trial. Heck, 512 U.S. at 479. The United States Supreme Court rebuffed the plaintiff's argument and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.*

Id. at 486-87 (footnotes omitted) (emphasis added). Thus, where resolution of an action brought pursuant to Section 1983 would impact the validity of a criminal conviction or sentence, it is properly dismissed. Moreover, the Heck doctrine has been extended to civil rights cases in which a plaintiff challenges the revocation of his or her parole and/or probation. See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006); Burton v. Delaware Cty. Court House, No. 12-4175, 2012 WL 3223691, at *2 (E.D. Pa. Aug. 7, 2012).

As previously discussed, Plaintiff's claims in this case all stem from her arrest by a state parole agent on a state detainer, which Plaintiff claims was based on a "bogus" charge. Any judgment in Plaintiff's favor would necessarily imply the invalidity of the charge and the subsequent revocation of her parole. Because Plaintiff has not, and cannot, demonstrate that she has been acquitted of the charges upon which her parole revocation was based or that the parole detainer was overturned or otherwise found invalid, her claims are barred under Heck.

6

> Indeed, the docket sheet of Plaintiff's case that resulted in her parole violation not
> only shows that Plaintiff entered a plea of *nolo contender* [sic] but that no appeal
> was ever filed. ECF No. 61-1.

Thompson v. Bd. of Probation and Parole (Pennsylvania), CV 16-1161, 2017 WL 5010671, at *2

(W.D. Pa. Nov. 2, 2017).  Nothing has changed to render the above reasoning inapplicable to the

instant case.

Although Heck, by its terms, did not apply directly to challenges to detention that arise

from detainers, which is seemingly the focus of Plaintiff's challenge herein, caselaw has

developed that holds the Heck bar applies to such challenges to detention which arise from

detainers.  See, e.g., Jackson v. Alt, 236 F. App'x 850 (3d Cir. 2007).

In Jackson v. Alt, the United States Court of Appeals for the Third Circuit applied the

Heck bar to a civil rights action which challenged the plaintiff's detention, which arose from a

New Jersey parole supervisor issuing a parole violator warrant that was lodged as a detainer at

the plaintiff's place of confinement.  The Third Circuit decided that the Heck bar so clearly

applied to the situation of a detainer that it dismissed the appeal under 26 U.S.C. § 1915(e)(2)(b)

as having no arguable basis in law or fact.  Specifically, the Third Circuit held that:

> Jackson seeks damages for alleged due process and equal protection
> violations arising from what he views as the improper issuance of the parole
> violator warrant and the lodging of that warrant as a detainer. We agree with the
> District Court that Jackson may not proceed under § 1983 because he has not
> successfully challenged the warrant in any state or federal proceeding. *See Heck v.
> Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Antonelli
> v. Foster*, 104 F.3d 899, 900-901 (7th Cir. 1997).
> Having concluded that the District Court properly dismissed Jackson's
> complaint, we will dismiss Jackson's appeal under 28 U.S.C. § 1915(e)(2)(B).

Id. at 851–52.  Accord  McBride v. O'Brien, CIV.A. 14-1129, 2015 WL 5167885, at *6 (W.D.

Pa. Sept. 3, 2015) ("Here, all of Plaintiff's claims stem from the issuance of the VOP [i.e.,

violation of probation] Detainer. While a final hearing on the revocation of Plaintiff's probation

has not yet occurred, it is clear that Plaintiff's success in this action would necessarily imply the invalidity of his detention for the alleged probation violations. Plaintiff has not alleged, and public records do not indicate that he has been acquitted of the charges that prompted his detention for violating his probation or that his probation has already been revoked and overturned on appeal or otherwise declared invalid. In light of the foregoing, Plaintiff's claims are barred by *Heck* unless or until he has met the conditions of *Heck*."), *aff'd*, 646 F. App'x 277 (3d Cir. 2016).

In order to be clear to Plaintiff, for present purposes, it simply does not matter if her multiple detentions, in fact, violated any of her federal rights or, in her words, caused a "miscarriage of justice." Plaintiff simply does not have a cause of action under Section 1983 or any other federal law unless and until the legality of those multiple detentions have been called into question by the granting of a federal habeas petition or by any of the other methods described in Heck.

Plaintiff has not alleged that the pre-requisites of Heck have been met as is her burden. Bielski v. Younkins, CIV.A. 11-1033, 2011 WL 6000708, at *5 (W.D. Pa. Nov. 30, 2011) ("Because Plaintiff has not alleged that his conviction and/or sentence have been called into question as is his burden, the Section 1983 federal claims against the Defendants must be dismissed for failure to state a claim upon which relief can be granted.") (footnote omitted); Bower v. Price, 1:17-CV-01473, 2018 WL 1334985, at *5 (M.D. Pa. Mar. 15, 2018) (such "claims cannot be brought in a *Bivens* action when the claims 'necessarily imply the invalidity of the punishment imposed,' unless the plaintiff shows that the sanctions have been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). In this case, Plaintiff makes no assertions that he has either been sanctioned or that his sanctions have been overturned. Accordingly, because the

Court concludes that Plaintiff has failed to meet the pleading requirements under Federal Rule of Civil Procedure 8, Plaintiff's due process claim will be dismissed.").

## III.  CONCLUSION

For the reasons set forth herein, it is recommended that the Complaint be dismissed for failure to state a claim upon which relief can be granted pursuant to the screening provisions of the PLRA.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.


Date:  December 17, 2018             Respectfully submitted,

                                     /s/Maureen P. Kelly
                                     MAUREEN P. KELLY
                                     UNITED STATES MAGISTRATE JUDGE



cc:     The Honorable Arthur J. Schwab
        United States District Judge

        LYNNE THOMPSON
        PO Box 17233
        Pittsburgh, PA 15235