# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LYNNE THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-998 |
| | ) | Judge Arthur J. Schwab/ |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| PENNSYLVANIA BOARD OF | ) | |
| PROBATION AND PAROLE, PATRICIA | ) | |
| VALAURI, PAROLE AGENT TAWNYA | ) | |
| PEEK, NATE SIMON, LAURA STEDILA, | ) | |
| and CHUCK ACKERMAN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

The above-captioned prisoner civil rights complaint was received by the Clerk of Court on July 20, 2018, and was referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges.

The Magistrate Judge's Report and Recommendation, ECF No. 24, filed on December 17, 2018, recommended that Plaintiff's Complaint be dismissed pre-service pursuant to the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. Service was made on the Plaintiff at her address of record. Plaintiff was given until January 3, 2019 by which to file objections. Plaintiff filed timely objections. ECF No. 26. However, none of the objections merits rejection of the Report and Recommendation.

Plaintiff first seemingly objects to Magistrate Judge Kelly issuing a Report and Recommendation in this case, asserting that she had not consented to have a Magistrate Judge involved in this case. ECF No. 26 at 2 ("FOR WHEN THIS CASE WAS FILED THERE WAS NOT CONSENT FOR THE MAGISTRATE JUDGE TO RESIDE [sic] OVER THIS CASE."). This objection is overruled as there is no requirement that consent be given to have a case referred to a Magistrate Judge so long as de novo review is available by an Article III judge. Ball v. Beard, 1:09-CV-845, 2012 WL 375237, at *1 (M.D. Pa. Feb. 3, 2012) ("As has been noted by both this Court and Magistrate Judge Carlson, the Federal Magistrates Act grants the Court the authority to refer matters to a magistrate judge without the consent of the parties including pretrial matters, 28 U.S.C. § 636(b)(1)(A), as well as dispositive motions, 28 U.S.C. § 636(b)(1)(B)-(C). *See, e.g., Beazer E., Inc. v. Mead Corp.*, 412 F.3d 429, 438 (3d Cir. 2005) ('The Magistrates Act authorizes district courts to appoint magistrate judges to consider pretrial matters without regard to the parties' consent.'); *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir.1998) (noting district courts may refer dispositive motions to a magistrate judge for a report and recommendation without a party's consent)."). Accordingly, this objection is overruled.

Plaintiff's next objection, which the Court shall address is her objection that the Report apparently believes that it is "ok" for the Pennsylvania Board of Probation and Parole to detain Plaintiff on cases that have been maxed out. ECF No. 26 at 3. The Report did not say it is "ok," rather, the Report made clear that even assuming that Plaintiff's multiple claims about the alleged wrongfulness of her multiple detentions and sentences and convictions and sentence mis-calculations were in fact violative of federal law, she would still fail to state a claim because before she could establish the alleged wrongfulness of her being kept in custody, she would have had to cause that custody to be called into question by any of the methods mentioned by Heck v.

Humphrey, 512 U.S. 477 (1994). The Report correctly notes that she has not done so, nor does she allege in her objections that she has fulfilled the requirements of Heck. Accordingly, this objection is overruled.

The final objection that the Court will address is Plaintiff's objection that "A WRIT OF HABEAS CORPUS WAS SUGGESTED, WHICH IS AND WAS NOT A SOLUTION FOR VIOLATIONS OF CIVIL AND CONSTITUTIONAL RIGHTS ... A VIOLATION OF CONSTITUTIONAL RIGHTS MUST BE BROUGHT TO JUSTICE." ECF No. 26 at 3. To the extent that Plaintiff means Heck's requirements do not apply, we have already rejected that contention. To the extent that Plaintiff means to suggest that Heck does not apply because she is no longer subject to the custody which she alleges was wrongful now that she has been released, we are unpersuaded. The clear rule in this Circuit is that Heck remains an impenetrable bar to a plaintiff's filing of a civil rights action which calls into question the legality of that custody or detention, notwithstanding the fact that a prisoner has been released from custody, which she alleges is wrongful, and, therefore, can no longer bring a habeas petition because of the "in custody requirement" and thereby cannot meet Heck's conditions. Gilles v. Davis, 427 F.3d 197, 210 (3d Cir. 2005) (holding that the favorable termination rule of Heck, under which a state inmate must secure a determination of invalidity of his conviction or sentence before seeking § 1983 damages for unconstitutional conviction or confinement, applies to suits by prisoners who no longer are in custody, even though federal habeas relief no longer is available due to the prisoner's release); Mitchell v. Department of Corrections, 272 F. Supp. 2d 464, 473 (M.D. Pa. 2003). Accordingly, this objection of Plaintiff is also overruled.

Any objection not specifically mentioned herein, has been considered but has not been deemed to merit any discussion.

3

In light of the foregoing, we order the following.

After consideration of Plaintiff's objections, and de novo review of the Report, the objections are overruled.

**IT IS HEREBY ORDERED** that Plaintiff's Complaint is dismissed pre-service for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** the Report and Recommendation, ECF No. 24, filed on December 17, 2018, by Magistrate Judge Kelly, is adopted as the opinion of the court.

Arthur J. Schwab
United States District Judge

Dated: January 8, 2019

cc: The Honorable Maureen P. Kelly
United States Magistrate Judge

LYNNE THOMPSON
PO Box 17233
Pittsburgh, PA 15235

4